5 F.3d 544
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 1
 NOTE: THIS OPINION WILL NOT BE PUBLISHED IN A PRINTED VOLUME. THE DECISION WILL APPEAR IN TABLES PUBLISHED PERIODICALLY.
 
 WESTERN TRUCK MANPOWER, INC., Petitioner,
v.
UNITED STATES DEPARTMENT OF LABOR, Respondent.
 
 2
 No. 92-70231.
 
 
 3
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Aug. 31, 1993.
Decided Sept. 27, 1993.
 
 4
 Before: BRUNETTI, KOZINSKI, and BOGGS,* Circuit Judges
 
 
 5
 MEMORANDUM**
 
 
 6
 This case involves joint employers: Western Truck Manpower ("Western") and Ryerson Steel ("Ryerson"). Western functioned as a leasing agent for truck drivers, and Ryerson leased driver services from Western. Ryerson determined and assigned routes for the drivers, maintained their time cards and reports, scheduled vacations and other time off, and approved overtime. Western prepared the drivers' payroll, issued paychecks, withheld state and Federal taxes, made social security payments, maintained worker's compensation coverage, and kept current the drivers' Department of Transportation medical records. In addition, Western conducted all labor relations with the drivers, including negotiation of labor agreements and participation in grievance proceedings. Based on these facts, the Secretary of Labor found that Western and Ryerson constituted joint employers. See Palmer v. Western Truck Manpower, No. 85-STA-16, Sec. Remand Dec., Jan. 16, 1987, slip op. at 2-5.
 
 
 7
 Beginning in March 1976, Western leased the services of Hubert Palmer to Ryerson. On February 14, 1984, Palmer refused to drive a Ryerson truck loaded with sheet metal and steel products because he believed they were packaged unsafely. At the direction of Ryerson personnel, Palmer took the truck out and began deliveries. Later that morning, however, Palmer called Ryerson's Service Department, reported that his load had come apart on the freeway, and returned to the yard.
 
 
 8
 On March 1, 1984, Ryerson informed Western that it would no longer accept Palmer's driving services. On March 13, 1984, Western wrote to Palmer that he had been removed from duty with "just cause" as a Western-leased driver based at Ryerson. Palmer filed a grievance against Western protesting his removal from duty. Palmer's complaint arises under Section 405 of the Surface Transportation Assistance Act of 1982 ("STAA"), which in part prohibits employer discrimination against an employee who refuses to operate a vehicle he or she reasonably believes is unsafe. 49 U.S.C. app. Sec. 2305(b) (1988).
 
 
 9
 The Secretary ruled against Western and awarded back pay as damages to Palmer. Western appealed to this Court, which vacated and remanded the case to the Secretary to consider whether the STAA contains a "knowing participation" requirement, as stated in Carrier v. NLRB, 768 F.2d 778, 783 (6th Cir.1985), and, if so, whether Western knowingly participated in Ryerson's conduct toward Palmer. Western Truck Manpower Inc. v. U.S. Dep't of Labor, 943 F.2d 56 (9th Cir.1991).
 
 
 10
 On remand, the Secretary found that the STAA does not require "knowing participation" for the imposition of back pay liability. Further, even if the STAA does include a "knowing participation" requirement, the Secretary held that Western would still be liable in this case because Western both (1) individually violated the STAA by taking adverse action against Palmer after he engaged in protected activity by refusing to drive a truck he believed had an unsafe load, and (2) knowingly participated in Ryerson's violation of the STAA by not enforcing an agreement between Western and Ryerson that required Ryerson to show sufficient evidence of its reason for firing Palmer and by suggesting to Ryerson that firing Palmer was a viable option. Western appealed.
 
 
 11
 We affirm the Secretary's finding in his Decision and Order on Remand, dated March 13, 1992, that under the instant facts, Western both (1) individually violated the STAA and (2) knowingly participated in Ryerson's violation of the STAA. We need not decide whether the standard for imposing liability on joint employers under the STAA is strict liability or knowing participation, since under either standard Western violated Section 2305(b). Based on the Secretary's factual determination that Western knowingly participated in Ryerson's termination of Palmer, Western is a "person" liable to Palmer under the STAA. 49 U.S.C. app. Sec. 2301(4) (1988).
 
 
 12
 Under 49 U.S.C. app. Sec. 2305(d), this court must affirm the Secretary's factual determinations unless they are "unsupported by substantial evidence." See 5 U.S.C. Sec. 706(2)(E) (1988). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 13
 In this case, there is substantial evidence to support the Secretary's factual conclusion that Western knowingly participated in Ryerson's violation of the STAA. The Secretary found that Palmer engaged in protected activity on February 14, 1984, when he refused to complete delivery of a load he believed to be unsafe. Ryerson informed Western of Palmer's refusal. Western personnel indicated to Palmer that the load was safe, issued him a warning notice for failure to complete a job assignment, and removed him from duty, collecting Western's keys and credit cards and paying all monies due him. The Secretary concluded that Western knew about Palmer's protected activity and subjected him to discipline and discharge because of it.
 
 
 14
 Further, the Secretary found that Western discriminated against Palmer by taking disciplinary action without first conducting an independent investigation of the work refusal--a practice routinely followed by Western. Through its General Manager, Western suggested a particular form of adverse action to Ryerson and then discharged Palmer. The Secretary held that Western's conduct towards Palmer constituted "knowing participation" because Western facilitated and contributed to Ryerson's discriminatory rejection of Palmer.
 
 
 15
 Finally, Western failed to take legal action to enforce an agreement between Western and Ryerson, whereby Ryerson would "not cause, require, or permit, directly or indirectly, without the consent of [Western], any variance from the requirements imposed upon [Western] as the employer of drivers under any of [Western's] collective bargaining agreements." By not enforcing this agreement, the Secretary found that Western allowed Ryerson to continue its retaliatory conduct toward Palmer.
 
 
 16
 Based on Western's knowledge of the incident, its warning letter and subsequent dismissal of Palmer, its failure to conduct an independent investigation, its input into Ryerson's conduct, and its failure to enforce an agreement between Western and Ryerson, we hold that there is substantial evidence to support the Secretary's factual determination that Western knowingly participated in the adverse action against Palmer, and violated Section 2305(b).
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3